# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

JOSE LUIS LARA,

          Petitioner,

vs.

JOHN MARSHALL,

          Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. CV 08-5076-SVW (JWJ)

**MEMORANDUM AND ORDER GRANTING MOTION TO VACATE AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

## I.  BACKGROUND

On August 4, 2008, 2008, petitioner Jose Luis Lara, a state prisoner proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254)" (hereinafter "Petition").[1] Petitioner is challenging an August 16, 1996 conviction and September 17, 1996 sentence in Los Angeles County Superior Court for possession of cocaine for sale.  (Petition, p. 2.)

Petitioner alleges that his Sixth Amendment rights were violated because the jury at his trial did not find the aggravating factors which support the

---

[1] Petitioner included three pages between pages 5 and 6 of the Petition; the three pages purport to set forth petitioner's arguments in detail.  For clarity, this Court has numbered these pages as "5a," "5b," and "5c," respectively.

imposition of plaintiff's upper term sentence.  (Petition, pp. 5a-5c.)  Petitioner claims that the "selected panel of jurors <u>were not</u> legally constituted or bound by any oath."  (<u>Id.</u> at 5b.)  Petitioner appears to assert that since the jury was unsworn, they did not hear or find any of the aggravating factors underlying petitioner's upper-term sentence.  (<u>Id.</u> at 5c.)  Petitioner appears to argue that his Petition, although successive, relies on a new rule of law set forth in the Supreme Court's decision in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).  (<u>Id.</u> at 5a.)

On September 4, 2008, this Court issued an Order for Further Proceedings regarding the Petition.  On December 23, 2008, respondent filed a Motion to Vacate the Order for Further Proceedings (hereinafter "Motion to Vacate"), along with a memorandum of points and authorities in support thereof (hereinafter "MPA").  Respondent asserts that petitioner filed a prior federal habeas petition which challenged the same conviction attacked in the instant Petition.  (MPA, p. 4.)  Respondent argues that the Order for Further Proceedings should therefore be vacated and the Petition should be dismissed.  (MPA, p. 6.)

In response, petitioner filed a "Response on Motion to Vacate Order to Show Cause and Request for <u>Stay</u> on 'OSC' Pending Request to Court of Appeals to Proceed with Second Habeas Petition" (hereinafter "Response") on January 21, 2009.  Petitioner appears to request that this Court stay the Petition to allow petitioner time to seek Ninth Circuit authorization to file the instant Petition.  (Response, p. 1.)  On February 2, 2009, this Court denied petitioner's request to stay the Petition.  (February 2, 2009 Order, p. 1.)

For the reasons discussed below, the instant Petition must be dismissed without prejudice.

/ / /

/ / /

- 2 -

## II.  DISCUSSION

Section 2244(b)(1) of Title 28 of the United States Code provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application <u>shall</u> be dismissed." (Emphasis added.)

Section 2244(b)(2) of Title 28 of the United States Code provides as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984, 123 S. Ct. 1793, 155 L. Ed. 2d. 677 (2003).  Moreover, although a dismissal based upon the statute of limitations does not include an

1  examination of the merits of the underlying substantive claims presented in the

2  petition, such a dismissal is considered an adjudication of the merits for

3  purposes of determining whether a subsequent petition is successive under the

4  AEDPA. Reyes v. Vaughn, 276 F.Supp. 2d 1027, 1029 (C.D. Cal. 2003).

5      Before a second or successive application permitted under 28 U.S.C.

6  § 2244 is filed in the district court, the applicant shall move in the appropriate

7  court of appeals for an order authorizing the district court to consider the

8  application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall

9  dismiss any claim presented in a second or successive application that the court

10  of appeals has authorized to be filed unless the applicant shows that the claim

11  satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). See also

12  Cooper v. Calderon, 274 F.3d at 1274 (once petition recognized as "second or

13  successive" under § 2244(b), district court lacks jurisdiction to consider

14  petition absent authorization from court of appeals) (citations omitted).

15      Respondent asserts that petitioner filed a prior federal habeas petition

16  which challenged the same conviction under attack in the instant Petition.

17  (MPA, p. 4.) Petitioner appears to concede that petitioner is required to

18  obtain Ninth Circuit approval before to filing the instant Petition. (Response,

19  p. 1.)

20      Petitioner has indeed filed a previous federal habeas petition relating to

21  his 1996 conviction and sentence in Los Angeles County Superior Court. On

22  March 21, 2002, petitioner filed a petition for writ of habeas corpus in case

23  number CV 02-2309-RT (Mc), challenging this same state court conviction

24  and sentence. On March 9, 2003, that petition was dismissed with prejudice

25  for failure to comply with the statute of limitations. (May 9, 2003 Judgment,

26  Case No. 02-2309-RT (Mc), p. 1.) The instant Petition is based on the same

27  conviction and sentence as the prior petition. Thus, this Petition constitutes a

28  "second or successive petition." Reyes, 276 F.Supp. 2d at 1029 (a dismissal

based upon the statute of limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA).  As a result, petitioner was required to obtain Ninth Circuit approval prior to filing the instant Petition.  This Court finds no indication that such authorization has been granted.  Therefore, this Court lacks jurisdiction to hear this Petition.  See 28 U.S.C. § 2244(b)(3); Cooper v. Calderon, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).  As such, this Court cannot address petitioner's apparent argument that his claims rely on a new rule of constitutional law.  (Petition, p. 5a.)  Accordingly, the instant Petition must be dismissed without prejudice to petitioner's right to seek the necessary authorization from the Ninth Circuit.

## ORDER

For the foregoing reasons,

**IT IS HEREBY ORDERED AS FOLLOWS:**

Respondent's Motion to Vacate is **granted** and the Petition for Writ of Habeas Corpus in the instant action is dismissed without prejudice.

DATED: 1/7/10

STEPHEN V. WILSON
United States District Judge

Presented by:

DATED: May 29, 2009

JEFFREY W. JOHNSON
United States Magistrate Judge

- 5 -